## 30712. FAULKNER v. GUHL et al.

GUNTER, Justice.

This appeal is from a judgment that dismissed Faulkner's complaint against the Pension Board of DeKalb County.

Faulkner was an employee of DeKalb County from September 15, 1969, to November 21, 1974. He applied for disability retirement on September 16, 1974; the Pension Board admitted that no determination of his physical condition was made by it before he retired; but that he was retired without benefits as of November 21, 1974, because he "did not have a physical examination in accordance" with the Pension Act at the inception of his employment in 1969.

The Pension Act at the time of Faulkner's employment provided that new employees "shall take a physical examination from a physician approved by the Pension Board and shall be certified by such physician as being physically and mentally qualified for the position or job given him." The Act further provided that a participant in the pension plan "applying for a physical disability benefit shall have taken a physical examination at the time of his employment and shall have been certified by the examining physician as being physically and mentally qualified for the position or job given him."

Faulkner alleged that he was mentally and

physically qualified for the position given him when he was employed in 1969; that he had been employed for over five years which would qualify him for a disability pension under the Act; that at the time of his employment he had not been requested or directed to have a physical examination; and that he was totally disabled and entitled by law to his disability pension.

The Pension Board, contending for dismissal of the complaint, urged that it had denied disability benefits on April 9, 1975, and that Faulkner was required under applicable law to seek a writ of certiorari within thirty days of that date. It further urged that since Faulkner had not sought certiorari from the Board's decision and since the time for applying for the writ from that decision had expired, the complaint filed in superior court must be dismissed. The trial judge dismissed the complaint on the ground that certiorari should have been sought, and the appeal is from that judgment.

Section 12 of the Pension Act (Ga. L. 1962, pp. 3101, 3102) reads: "Whenever an application for disability pension has been filed, the applicant shall submit therewith a signed certificate from a licensed, practicing physician of Georgia certifying to the disability of such applicant for a pension. Immediately thereupon the pension board shall order the applicant to be examined by the county physician or some other physician named by the board who likewise shall certify the physical ability or disability of the applicant. In the event the certificates of the respective physicians shall generally agree upon disability, such facts shall be conclusive as to the physical or mental condition of the applicant and the board shall thereupon enter an order granting a pension in the proper amount. In the event the certificate tendered by the applicant and the certification of the county physician or physician appointed by the board shall disagree as to the condition of the applicant, then and in that event the pension board shall conduct a hearing for the purpose of determining the true condition of the applicant. Such hearing shall be conducted informally by the examination of witnesses for and in opposition to such application who shall be sworn, and both the applicant and pension board may be represented by legal counsel if

they so desire. Copies of documents may be received as evidence in lieu of the original at the discretion of the board, and affidavits shall be filed with the board at the time of the hearing. The decision of the board after a hearing shall be final as to the physical or mental condition of the applicant, but the proceeding shall be subject to review by writ of certiorari from the Superior Court of DeKalb County. The chairman of the pension board shall be authorized to acknowledge service on any such writ, and to answer same on behalf of the pension board."

The problem we see with the Pension Board's contention and the trial court's judgment is that the Board has admitted in its pleadings that it has never made a determination with respect to Faulkner's disability or non-disability. Had it made such a determination we think the certiorari route would be required by this statute. However, the Board based its denial of benefits, not on Faulkner's non-disability upon making application, but upon his failure to have a physical examination at the inception of his employment in 1969.

If Faulkner was a member of the pension plan for over five years as he has alleged; if he was totally disabled at the time of his application for disability benefits; and if he was not directed to have a physical examination at the inception of his employment in 1969 "from a physician approved by the Pension Board"; then his complaint should not have been dismissed.

We read Sec. 12 of the Pension Act as mandating certiorari review only from a final determination by the Pension Board of the non-disability of the applicant applying for benefits.

The judgment dismissing the complaint was erroneous.

*Judgment reversed. All the Justices concur.*

Submitted January 20, 1976 — Decided June 22, 1976.

*Mackay & Elliott, James A. Mackay, David L. G. King, Jr.,* for appellant.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.